UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| ANNE CATES, an individual, )<br>)<br>            Plaintiff, )<br>)<br>vs. )<br>)<br>PUBLIC EMPLOYEES' RETIREMENT )<br>SYSTEM OF NEVADA, a political )<br>subdivision of the State of Nevada; DANA )<br>BILYEU, an individual; TINA LEISS, and )<br>individual; HOLLY ZIMMERMAN, an )<br>individual, )<br>)<br>            Defendants. )<br>_____) | 03:05-CV-0696-LRH (RAM)<br><br>ORDER |

Presently before this court is Defendants motion to dismiss (15[1]) the first amended complaint (#14) filed by Plaintiff. Plaintiff has filed an opposition (#16). No reply has been filed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Anne Cates, began working for Defendant, Public Employees' Retirement System of Nevada ("PERS") in 1989. In July of 2004, Plaintiff received a below-standard evaluation of her job performance from Defendant Holly Zimmerman. Plaintiff challenged this evaluation internally but had her rating upheld by Defendants Tina Leiss and Dana Bilyeu. Plaintiff then challenged her evaluation through a grievance with the Nevada Employee Management Committee. The parties reached a settlement in those proceedings. In that settlement, PERS agreed to remove challenged evaluation date from Plaintiff's personnel file and

---

[1] References to (#XX) refer to the court's docket.

1  Plaintiff agreed to dismiss her grievances before the Committee.

2      Prior to this evaluation, Plaintiff had become aware that she would need to have an
3  operation. Plaintiff requested, and was granted, leave under the Family Medical Leave Act. She
4  also received additional leave categorized as catastrophic leave. The combined period of leave
5  was from January 27, 2005 through April 14, 2005. According to Plaintiff's complaint, upon
6  returning from her authorized leave, Plaintiff had several of her duties stripped from her and was
7  subjected to a hostile working environment.

8      Plaintiff's complaint further alleges that, upon return from her leave and after the
9  grievance procedures, she was subjected to a hostile work environment where her authority was
10 undermined, she was blamed for problems she was not responsible for and her duties were
11 severely curtailed. As a result of these actions, Plaintiff alleges she was constructively
12 discharged in that she had to change jobs, thereby leaving her position with PERS.

13     Based on the above facts, Plaintiff filed the current amended complaint. In it she alleges
14 three causes of action: (1) tortious discharge; (2) violation of the Family Medical Leave Act; and
15 (3) violation of the First Amendment via 42 U.S.C. section 1983. In the pending motion to
16 dismiss, Defendants attack Plaintiff's Family Medical Leave Act and section 1983 claims.

17                    **LEGAL STANDARD FOR MOTION TO DISMISS**

18     In considering a motion to dismiss, the Court asks only whether the pleadings are
19 sufficient to establish a claim, not whether the Plaintiff could find evidence to support her
20 pleadings. *See, e.g., In re Glen Fed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994).
21 Therefore, for the purpose of the motion, the Court accepts as true all material allegations in the
22 complaint and construes those allegations in the light most favorable to the non-moving party.
23 *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986) (citing *North Star International*
24 *v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983)). Dismissal is warranted only if it
25 appears to a certainty that the Plaintiff would not be entitled to relief under any set of facts that
26 could be proven. *See id*.
27 ///
28 ///

**DISCUSSION**

Defendants focus their motion on the federal claims presented by Plaintiff. Regarding the state law claim of tortious discharge, Defendants request the court dismiss that claim without prejudice based on lack of subject matter jurisdiction. Should the court conclude that no federal claims have been stated, this would be the appropriate action. However, because the court concludes that Plaintiff has pled the federal claims in a manner sufficient to survive a motion to dismiss the court concludes that it has supplemental jurisdiction over the state law claim.

    1.    *First Amendment Retaliation via Section 1983*

Defendants first argue that Plaintiff's First Amendment claim is barred by the doctrines of administrative res judicata and collateral estoppel. In the present proceedings, Plaintiff initially filed a grievance seeking to have her negative performance review overturned. As a settlement to those proceedings, Plaintiff agreed to withdraw her claim, thereby precluding any reviewing board from reaching a conclusion on the merits of her claim, in exchange for a guarantee that certain material be removed from her personnel file. Although the court recognizes that the agreed upon withdrawal is binding on the grievance procedure, *see* Nev. Admin. Code § 284.697 (2006), the court does not read that rule to affect Plaintiff's rights in this matter.

In the grievance procedure Plaintiff was arguing that she had received an improper evaluation. In the current lawsuit, Plaintiff is arguing that she was retaliated against in the form of a hostile work environment for engaging in the grievance process. The issues and claims raised by the allegations in the current proceedings appear wholly distinct from those that occurred within the grievance process. As both administrative res judicata and collateral estoppel require that either the claim or issue being litigated was dealt with in a prior proceeding, the court cannot hold, based on the pleadings, that the present claim under the First Amendment is barred. *See Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985) (administrative "res judicata applies to findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision"); *Jones v. Bates*, 127 F.3d 839, 848 (9th Cir. 1997) (noting in the context of California state law that collateral estoppel "bars parties from relitigating issues of fact or law that have already been fully and fairly

1  litigated in prior proceedings"). In addition, despite the binding effect withdrawing the grievance
2  had in the administrative procedure, Defendants have pointed to no case which demonstrates to
3  the court that such an action constitutes a final judgment on the merits should the claims be
4  considered the same. As such, the court would not conclude that administrative res judicata or
5  collateral estoppel would bar the present claim even if it was the same claim raised in the
6  grievance process.

7  Defendants next argue that Plaintiff has not stated a claim because the speech she
8  engaged in is not protected by the First Amendment. Employee speech, even by public officials,
9  is protected if it addresses a matter of legitimate public concern. *Pickering v. Bd. of Educ.*, 391
10 U.S. 563, 574 (1968). When government employees speak of "corruption, wrongdoing,
11 misconduct, wastefulness, or inefficiency by other government employees, . . . their speech is
12 inherently a matter of public concern." *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 926
13 (9th Cir. 2004) *quoting Ceballos v. Garcetti*, 361 F.3d 1168, 1174 (9th Cir. 2004). Plaintiff has
14 alleged that she raised issues of incompetence and misconduct by other government employees in
15 her grievance procedure and was retaliated against for such actions. Taking Plaintiff's
16 allegations as true, she has properly alleged that she engaged in protected speech. Any arguments
17 Defendants have regarding the public nature of Plaintiff's speech and its divergence from the
18 matters alleged in the pleadings is more appropriately raised at summary judgment, when the
19 court can be presented with the facts surrounding the speech.

20 Finally, Defendants argue that Plaintiff has not alleged sufficient facts to demonstrate that
21 engaging in protected speech was a substantial and motivating factor in the adverse employment
22 actions she suffered. Specifically, Defendants argue that Plaintiff has not provided specific dates
23 which show how close in time the adverse employment actions she suffered were to her
24 expression of protected speech. However, the only case cited by Defendants for this argument,
25 *Nunez v. City of Los Angeles*, 147 F.3d 867 (9th Cir. 1998), deals with the amount of evidence
26 required at the summary judgment stage. The present motion is one to dismiss for failure to state
27 a claim. Dismissal is only appropriate when it is clear that no set of facts can be alleged which
28 would support a claim. *See NL Indus., Inc.*, 792 F.2d at 898. Plaintiff has pled that the

1  retaliatory actions taken by Defendants occurred "in close temporal proximity to Plaintiff's first
2  grievance having been brought to the attention of management." Compl. at 2. Given the notice
3  pleading requirements of the federal courts, *see* Fed. R. Civ. P. 8(a), and the fact that the
4  complaint as a whole provides sufficient information to determine if a statute of limitations
5  defense exists, the court finds this allegation sufficient, in so far as a temporal pleading
6  requirement may exist, to meet the requirement that the protected speech be alleged as a
7  substantial and motivating factor in the adverse employment action.

        2.     *Family Medical Leave Act Claim*

9         Defendants argue that Plaintiff's Family Medical Leave Act claim should be dismissed
10 because Plaintiff has not specified under which portion of the Act her claims arise. However,
11 Defendants cite to no case law which mandates that Plaintiff specify the exact statutory
12 subsection under which the cause of action arises. Rather, the pleading requirements of Federal
13 Rule of Civil Procedure 8 simply require (1) a short and plain statement of the jurisdictional
14 grounds (in this matter federal question jurisdiction based on the Family Medical Leave Act), (2)
15 a short and plain statement of the claim showing Plaintiff is entitled to relief (here that Plaintiff
16 took leave under the Act and suffered an adverse employment action as a result), and (3) a
17 demand for relief (in this case a money judgement demand). Further, Plaintiff is entitled, under
18 the same rule, to plead claims in the alternative. This means that a claim under the Family
19 Medical Leave Act can be pled under 29 U.S.C. section 2615(a)(1) or (a)(2) in the alternative, if
20 the facts allow.

21        However, in this matter, Plaintiff's pleadings relate only to an interference claim under
22 section 2615(a)(1). The plain language of section 2615(a)(2) mandates that a violation occurs
23 only when an employer discriminates against an individual who opposes any practice made
24 unlawful by the Family Medical Leave Act. *Bachelder v. America West Airlines*, 259 F.3d 1112,
25 1124 (9th Cir. 2001). No facts in the pleadings suggest discrimination. Defendants are therefore
26 entitled to dismissal of any alternative theory contained in the pleadings which suggests violation
27 of section 2615(a)(2). It is important to note, however, that Plaintiff has pled sufficient facts to
28 suggest a violation of section 2615(a)(1) - specifically that she took leave under the Act, that she

1  suffered an adverse employment action and that her taking of leave under the Act was a negative
2  factor in the adverse employment action.  *See Bachelder*, 259 F.3d at 1124-25.
3       It is therefore ORDERED that Defendants' Motion to Dismiss the First Amended
4  Complaint (#15) is GRANTED in part and DENIED in part as discussed above.
5       DATED this 5th day of June, 2006.

                                            _____
                                            LARRY R. HICKS
                                            United States District Judge